IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN,<br>Individually, | §<br>§<br>§ | CIVIL ACTION NO. 3:26-cv-01882 |
| Plaintiff, | §<br>§ | District Judge Ed Kinkeade |
| v. | §<br>§ | Magistrate Judge Rebecca Rutherford |
| NOVARTIS PHARMACEUTICALS<br>CORPORATION, | §<br>§<br>§ | |
| Defendant. | §<br>§ | |

**Use of Generative Artificial Intelligence**
Plaintiff used generative artificial intelligence in preparing this brief.

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY AND BRIEF IN SUPPORT

---

Plaintiff Gallit Fischman, proceeding pro se, respectfully requests leave to file the attached

limited Surreply addressing new or materially expanded arguments and authorities raised in

Defendant Novartis Pharmaceuticals Corporation's Reply.

### I. LEAVE TO FILE A LIMITED SURREPLY IS APPROPRIATE

The Fifth Circuit recognizes that "[a]rguments raised for the first time in a reply brief are

generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Where a reply introduces

new arguments, authorities, or materially expanded grounds, a surreply permits the nonmovant to

address those matters before the motion is decided.

Plaintiff seeks only that limited opportunity here.

1

## II. DEFENDANT'S TREATMENT OF PLAINTIFF'S CITATION ERRORS WARRANTS CONTEXT

Defendant sharply criticizes two incorrect Westlaw pinpoints in Plaintiff's Response and invokes them against the consideration afforded to Plaintiff as a pro se litigant. The underlying authorities were correct, Defendant identified them, and Defendant fully responded to their substance. Plaintiff does not have access to Westlaw.

Defendant's own filings provide relevant context. Its Reply exceeded the 10-page limit in Local Civil Rule 7.2(c), and its proposed order on the Motion to Dismiss was transmitted weeks after the Motion despite Local Civil Rule 7.1(c)'s requirement that a proposed order accompany a motion. Plaintiff raises these matters only to show that filing errors can occur even when a party is represented by experienced counsel.

Plaintiff's two errors concerned Westlaw pinpoints only. They did not misstate the authorities or impair Defendant's ability to respond. Defendant's own filing errors demonstrate that technical mistakes can occur even with experienced counsel. Having nevertheless chosen to rely on Plaintiff's citation-reference errors against her pro se status, Defendant has placed the issue directly in dispute. Plaintiff therefore respectfully seeks leave to address that characterization fully in the Surreply and explain why those correctable errors should not diminish the consideration afforded to her pro se filings or alter the governing Rule 12 analysis.

## III. DEFENDANT'S REPLY RAISES NEW AND MATERIALLY EXPANDED MATTERS WARRANTING A LIMITED SURREPLY

Defendant's Reply introduces new authorities and materially expands arguments concerning the characterization of Plaintiff's claims as traditional innovator liability, the specificity allegedly

2

required to plead off-label promotion under Texas Civil Practice and Remedies Code § 82.007(b)(3), federal preemption, DTPA survivability, wrongful-death standing and the asserted need for an estate representative, personal jurisdiction and jurisdictional discovery, amendment and dismissal with prejudice, and Plaintiff's use of generative artificial intelligence and pro se status.

A comparison of Defendant's Motion and Reply shows why a limited Surreply is warranted. The Motion raised wrongful-death standing under § 71.004(c), but the Reply added *Morin v. Ford Motor Co.* and relied on Plaintiff's Opposition to argue that she lacked capacity to proceed individually. The Reply also added Tex. Bus. & Com. Code § 17.49(e) as a separate DTPA bar, beyond the Motion's arguments concerning consumer status and survivability.

Several positions are also presented more broadly or categorically in Reply and supported by additional authorities and factual characterizations Plaintiff had no opportunity to address in her Opposition. Plaintiff does not seek to repeat her Opposition or obtain an unrestricted additional round of briefing. She seeks only a limited opportunity to address those new or materially expanded matters before Defendant's request for dismissal with prejudice is decided. Plaintiff's Proposed Surreply is attached hereto as Exhibit A.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court grant leave to file the Proposed Surreply attached as Exhibit A and grant such other relief as the Court deems appropriate.


Respectfully submitted,

Date: August 11, 2026

/s/ _____

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

## CERTIFICATE OF CONFERENCE

Plaintiff certifies that she conferred with counsel for Defendant regarding the relief requested in this Motion. On August 11, 2026, counsel advised that "NPC does not intend to oppose your request for leave to file a surreply at this time," while reserving the right to object to the extent the Surreply exceeds the proper scope of addressing new arguments raised for the first time in Defendant's Reply.

Accordingly, Defendant does not presently oppose the requested leave, subject to its stated reservation regarding scope.

/s/ _____

Gallit Fischman, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ _____

Gallit Fischman, Plaintiff, Pro Se

4