IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | CIVIL ACTION NO. 3:26-cv-01882 |
| Plaintiff, | § | District Judge Ed Kinkeade |
| v. | § | Magistrate Judge Rebecca Rutherford |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § | |
| Defendant. | § | |

**Use of Generative Artificial Intelligence**
Plaintiff used generative artificial intelligence in preparing this brief.

---

**PLAINTIFF'S PROPOSED SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

Plaintiff respectfully submits this limited Surreply to address new authorities, arguments, and characterizations raised in Defendant's Reply. Plaintiff does not repeat the arguments presented in her Opposition and addresses only matters warranting a response after Defendant's Reply.

## I. DEFENDANT'S NEW AUTHORITY AND CHARACTERIZATION DO NOT ALTER THE CLAIMS ACTUALLY PLEADED

Defendant relies upon *Wells v. Wyeth Pharmaceuticals, Inc.*, 233 F. Supp. 3d 534 (W.D. Tex. 2017), and asserts that Plaintiff's theory "finds no legal support." Neither point changes the distinction Plaintiff identified in her Opposition. Plaintiff does not seek to impose liability upon Novartis merely because it manufactured a branded version of a drug later obtained in generic form. The alleged liability arises from affirmative conduct attributed to Novartis itself.

Defendant also characterizes Plaintiff's allegations as an "off-label marketing" theory. That is too narrow. Plaintiff alleges that Defendant created and disseminated a broader narrative and messaging framework around everolimus that contributed to its use in heart transplantation. Plaintiff cited FCA authority concerning liability arising from a pharmaceutical manufacturer's own conduct and communications concerning off-label use. Although that authority arises under a different statutory framework, Plaintiff cited it for the narrower proposition that manufacturer conduct and communications may themselves be legally significant. Plaintiff seeks application of established causes of action to the conduct alleged, not recognition of a new cause of action.

*Wells* does not eliminate that distinction. The issue remains whether the Complaint plausibly alleges actionable conduct by Novartis itself that contributed to the injuries alleged, not merely whether Novartis manufactured the tablets ultimately received by Plaintiff's father.

**II. DEFENDANT'S REPLY DEMANDS EVIDENTIARY DETAIL BEYOND THE ALLEGATIONS ALREADY PLEADED UNDER § 82.007(b)(3)**

Defendant's Reply requires Plaintiff to identify a particular physician-facing Novartis recommendation, advertisement, or promotional communication advocating heart-transplant use. Plaintiff's Opposition already identified the factual basis supporting her invocation of § 82.007(b)(3). The Reply now demands a level of detail concerning Defendant's physician-facing promotional and medical-affairs conduct that depends substantially upon records within Defendant's possession.

Plaintiff does not seek discovery to create a factual basis for an otherwise unsupported claim. She seeks evidence concerning conduct already alleged. Whether Defendant's nonpublic records ultimately substantiate those allegations is an evidentiary question. Plaintiff respectfully submits

that the absence of access to those records at the pleading stage should not itself defeat the allegations already before the Court.

**III. DEFENDANT'S AI AND CITATION ARGUMENT DOES NOT ALTER THE RULE 12 STANDARD**

Defendant devotes a footnote to Plaintiff's use of generative artificial intelligence, her pro se status, and two citation discrepancies in her Opposition. Plaintiff's Opposition contained over forty legal citations. The two discrepancies concerned Westlaw pinpoints only, not the underlying authorities, which were correct. As a pro se litigant, Plaintiff does not have access to Westlaw, a proprietary legal research service that is financially out of her reach. Defendant nevertheless located both cases and fully responded to their substance.

Defendant's criticism warrants context. First, Defendant, represented by experienced counsel with professional legal research resources, filed an 11-page Reply under Local Civil Rule 7.2(c), which provides a 10-page limit. Plaintiff raised the issue directly with counsel and provided an opportunity to address it before seeking Court intervention.

Second, Local Civil Rule 7.1(c) requires a proposed order to accompany a motion. Defendant transmitted its proposed order on the Motion to Dismiss weeks after filing the Motion. Plaintiff does not raise either filing issue to seek a penalty or diminish Defendant's substantive arguments. They illustrate that filing errors can occur even when a party is represented by experienced counsel.

Plaintiff respectfully submits that her two citation-reference errors should likewise be treated as correctable human error, not as a basis to diminish the consideration afforded to her pro se filings or alter the governing Rule 12 standard.

Plaintiff also did not conceal her use of generative AI. When she discovered that the required disclosure had inadvertently been omitted, she filed a Notice correcting the record. Neither the use of a drafting tool nor two inaccurate Westlaw references changes the allegations in the Complaint or the governing Rule 12 standard.

Defendant's reliance on *Almudhafer v. Spotsylvania County Public Schools*, No. 3:25-cv-1075, 2026 WL 49654 (E.D. Va. Jan. 7, 2026), does not establish otherwise. *Almudhafer* was not a citation-error case. It concerned a 176-page proposed complaint found deficient under Rule 8, and the court expressly stated that its analysis did not ultimately turn upon its AI discussion. Defendant therefore attempts to derive from materially different circumstances a consequence that *Almudhafer* itself did not impose.

**IV. DEFENDANT'S ADDITIONAL DTPA ARGUMENTS DO NOT SUPPORT DISMISSAL OF THE ENTIRE ACTION**

Defendant's Reply adds authority concerning DTPA survivability and separately invokes Tex. Bus. & Com. Code § 17.49(e) as a statutory bar. Plaintiff's Opposition already addressed survivability. The additional arguments raised in Reply do not provide a basis for dismissal of Plaintiff's separate negligence, product-liability, gross-negligence, or wrongful-death claims.

To the extent the Court concludes that survivability, § 17.49(e), or the manner in which the DTPA count is presently pleaded requires limitation or amendment, Plaintiff respectfully requests an opportunity to amend or limit that particular claim rather than dismissal of the entire action with prejudice.

## V. DEFENDANT'S RELIANCE ON THE OTHER BENEFICIARIES' NONPARTICIPATION DOES NOT ALTER THE WRONGFUL-DEATH ANALYSIS PRESENTED IN PLAINTIFF'S OPPOSITION

Defendant's Reply relies upon Plaintiff's acknowledgment that the other statutory beneficiaries elected not to participate and treats that fact as supporting dismissal. It does not constitute a concession that Plaintiff lacks statutory beneficiary status or that an estate claim is being asserted. Plaintiff's Opposition already addressed § 71.004, the three-month provision, the absence of an appointed estate representative, and the requirement that an action brought by one beneficiary proceed for the benefit of all.

The narrower point raised by Defendant's Reply is that nonparticipation by the other beneficiaries does not mean that every beneficiary must appear as a plaintiff. Section 71.004(b) expressly permits “one or more” statutory beneficiaries to bring the action for the benefit of all. To the extent the Complaint must state that procedural capacity more expressly, Plaintiff respectfully submits that the issue is curable by amendment rather than dismissal with prejudice.

## VI. DEFENDANT'S ASSERTION THAT PLAINTIFF LACKS A GOOD-FAITH JURISDICTIONAL BASIS IS UNWARRANTED

Defendant goes beyond disputing specific jurisdiction and asserts that Plaintiff lacks a good-faith basis to allege claim-related Texas contacts. That characterization is unwarranted. Plaintiff's Opposition identified the Texas institution, the alleged Texas-directed conduct, Defendant's institutional relationships, and the categories of contacts for which limited jurisdictional discovery is sought.

The fact that Plaintiff does not possess Defendant's nonpublic records does not convert those allegations into bad faith. Defendant cannot rely on its possession of evidence concerning the extent of its own contacts and then characterize Plaintiff's request to obtain that evidence as proof that no good-faith basis exists. That argument conflates lack of access with lack of factual basis.

If the Court concludes that the existing record is insufficient to determine specific jurisdiction, Plaintiff respectfully requests limited jurisdictional discovery before dismissal.

**CONCLUSION**

This Surreply is limited to matters Defendant newly raised, supported with additional authority, or characterized in a manner warranting a response after Plaintiff's Opposition. The underlying arguments presented in Defendant's Motion and already answered in Plaintiff's Opposition remain before the Court on that briefing.

For these reasons, and for the reasons stated in Plaintiff's Opposition, Defendant's Motion to Dismiss should be denied. Alternatively, if the Court identifies a curable pleading deficiency, Plaintiff respectfully requests leave to amend before dismissal with prejudice. If additional jurisdictional facts are required, Plaintiff further requests limited jurisdictional discovery before dismissal for lack of personal jurisdiction.

Respectfully submitted,

Date: August 11, 2026

/s/ Gallit Fischman

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se