IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | CIVIL ACTION NO. 3:26-cv-01882 |
| Plaintiff, | § | District Judge Ed Kinkeade |
| v. | § | Magistrate Judge Rebecca Rutherford |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § | |
| Defendant. | § | |

**PLAINTIFFS NOTICE OF OPPOSITION TO DEFENDANTS ANTICIPATED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiff Gallit Fischman, proceeding pro se, submits this Notice following Defendant Novartis Pharmaceuticals Corporations October 21, 2026 correspondence under Local Civil Rule 7.1(a), requesting Plaintiffs position on Defendants anticipated motion for leave to file supplemental authority concerning the October 15, 2026 Order in Fischman v. Boston Childrens Hospital, No. 26-11504-WGY (D. Mass.). Plaintiff expressly opposes Defendants anticipated motion and submits this Notice before its filing to ensure that her objections are presented to the Court.

First, the Massachusetts action was dismissed without prejudice, not on the merits. Plaintiff intends to refile against Boston Childrens Hospital and Stanford University in the Northern District of Texas. The dismissal terminated that proceeding, not Plaintiffs underlying claims. Plaintiff disputes the Massachusetts courts interpretation of Texas wrongful-death law and recognizes that Texas was the appropriate forum in which to bring the action initially. Refiling will address that procedural choice.

Second, Plaintiff maintains that the Massachusetts court improperly confined her individual Texas wrongful-death claim within a restrictive standing and estate-representation framework, effectively imposing procedural barriers associated with Massachusetts estate litigation rather than giving effect to Texas statutory law.

Plaintiff sued exclusively in her individual capacity as Dov Fischmans daughter, just as she did in Fischman v. Epic Systems Corporation, No. 3:26-cv-00770-D, and in this action against Novartis. She asserts no estate or survival claims. Texas Civil Practice and Remedies Code section 71.004(b) expressly authorizes one or more statutory beneficiaries to bring a wrongful-death action for the benefit of all.

Plaintiff further relies on Judge Sidney A. Fitzwaters rulings permitting her individual claims against Epic Systems Corporation to proceed and maintains that those rulings support her position concerning individual standing under Texas law.

Plaintiffs mother, Ilana Fischman, and brother, Marc Fischman, have expressly declined participation. They cannot be compelled to litigate against their wishes. Plaintiff intends to submit their written declarations confirming their refusal to participate in this action or the refiled Texas proceeding. Their decisions do not extinguish Plaintiffs individual statutory beneficiary status.

Third, Defendant's Motion to Dismiss did not raise the particular interpretation of Texas wrongful-death law underlying the Massachusetts ruling. Plaintiff opposes Defendant's attempt to use supplemental authority to introduce an entirely new ground for dismissal or circumvent the established briefing process. The proposed submission would improperly expand the issues

presented for adjudication rather than provide additional authority supporting arguments already before the Court.

Fourth, the Massachusetts decision is nonbinding, disputed, and concerns different defendants in a separate action that Plaintiff intends to refile. It does not adjudicate the merits of Plaintiffs claims against Novartis. Judicial notice of that decision does not establish disputed facts, make its interpretation of Texas law binding, or independently establish a previously unasserted ground for dismissal.

Fifth, introducing an unbriefed standing argument from a separate, nonbinding Massachusetts decision would unnecessarily expand the issues before the Court without addressing the merits of Defendant's original arguments. Such supplementation would add procedural noise rather than advance resolution of this action.

Sixth, Defendant's Motion to Dismiss has been fully briefed since August 14, 2026, when Plaintiff filed her sur-reply. As of October 21, 2026, 68 days have elapsed without a ruling.

Had the Court ruled before October 15, 2026, the subsequent Massachusetts decision would have been irrelevant to its determination. Instead, the delayed ruling has afforded Defendant an opportunity to seek leave to introduce a new legal argument based on a nonbinding dismissal without prejudice in a separate proceeding, an issue never raised in its original briefing. Plaintiff respectfully submits that the Court's delay should not operate to Defendant's procedural advantage while impeding the advancement of this action. Plaintiff therefore expressly opposes Defendant's anticipated motion for leave to file supplemental authority.

Seventh, Plaintiff submits this Notice in advance to ensure that her opposition is heard before the Court rules on Defendant's anticipated motion for leave. In this action, the Court previously

granted Plaintiff leave to file a sur-reply without awaiting Defendant's opposition. Plaintiff seeks to avoid a similar procedural outcome and respectfully requests that the Court consider her objections before deciding whether to permit the proposed submission. If the Court intends to consider the supplemental authority in deciding Defendant's Motion to Dismiss, Plaintiff further requests an opportunity to respond and address the Massachusetts ruling's relevance, procedural limitations, and disputed interpretation of Texas law.

Respectfully submitted,

Date: October 21, 2026

/s/ Gallit Fischman

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se