**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GALLIT FISCHMAN, Individually,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | No. 3:26-cv-01882<br><br>District Judge Ed Kinkeade<br><br>Magistrate Judge Rebecca Rutherford |

**SPECIALLY APPEARING DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

Specially appearing defendant Novartis Pharmaceuticals Corporation ("NPC") respectfully moves this Court for leave to file a Notice of Supplemental Authority in Support of its Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction (Dkt. Nos. 13, 14).[1] NPC requests to submit to the Court the Order granting dismissal of Ms. Fischman's claims in *Fischman v. Boston Children's Hospital* (*Fischman v. BCH*), No. 26-11504-WGY, 2026 WL 3082975 (D. Mass. Oct. 15, 2026) (attached as Ex. A-1). This Order was not available when NPC filed its Motion to Dismiss on July 6, 2026 and is relevant to the issue raised in NPC's Motion regarding Ms. Fischman's lack of standing to bring her wrongful death claims under Texas law.

Pursuant to Local Rule 7.1, NPC reached out to Ms. Fischman on October 21, 2026 to obtain her position on the instant motion. Plaintiff stated she would oppose and, indeed, filed a Notice of Opposition to Defendant's Anticipated Motion for Leave to File Supplemental Authority

[1] The proposed Notice of Supplemental Authority is attached as Exhibit A.

on October 21, 2026 (Dkt. No. 27), in advance of NPC's motion.[2]

**STANDARD**

Where a party seeks to file a notice of supplemental authority, the movant must: "(1) 'show that it has new information that was not available at the time it filed its [motion] in order to receive leave to file' its supplemental briefing; and (2) 'demonstrate that this information is relevant to the Court's … analysis and would therefore aid the justiciable disposition of [the] case.'" *Silvas v. Equifax Info. Srvs., LLC*, No. 3:19-CV-2932-K, 2020 WL 4000848, at *2 (N.D. Tex. July 15, 2020) (Kinkeade, J.) (alterations in original) (quoting *Hoffman v. AmericaHomeKey, Inc.*, No. 3:12-CV-3806-B, 2014 WL 12577347, at *1-2 (N.D. Tex. July 29, 2014)) (granting motion for leave to file supplemental authority to support a motion for judgment on the pleadings).

**ARGUMENT**

NPC seeks to provide notice to the Court of the October 15, 2026 Order of the District Court for the District of Massachusetts in the related case of *Fischman v. BCH,* because the Order: (1) was not available when NPC filed its Motion to Dismiss, and (2) is relevant to the issue of whether Ms. Fischman has standing to bring her wrongful death claims. The October 15, 2026 Order was not available when NPC filed its Motion to Dismiss (Dkt. Nos. 13, 14) on July 6, 2026, or its Reply Brief on August 10, 2026 (Dkt. No. 20). The Order is relevant because the District Court, applying Texas law, dismissed Ms. Fischman's complaint without prejudice, finding that the complaint did not satisfy the Texas Wrongful Death Statute by "failing to plead for the benefit of all statutory beneficiaries" as required by Section 71.004(b) of the Wrongful Death Act and

[2] Instead of addressing the standard for the Court to grant a Notice of Supplemental Authority, plaintiff's premature opposition inappropriately addresses the merits of the October 15, 2026 *Fischman v. BCH* Order. Given plaintiff's *pro se* status, NPC defers to the Court instead of separately moving to strike plaintiff's anticipatory opposition as procedurally improper.

controlling Texas precedent, the very same issue raised as one of the grounds for dismissal set forth in NPC's brief in support of its pending motion to dismiss and reply brief. *Compare BCH*, 2026 WL 3082975, at *1-2 (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002, .004(b); *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. Ct. App. 1997)), *with* NPC's Br. Supp. Mot. Dismiss at 14 n. 12 (Dkt. No. 14) (plaintiff cannot meet Section 71.004's requirement that the action is "brought[] for the benefit of all parties entitled to recover" because she expressly disclaims bringing her claims on behalf of all beneficiaries (citing *Avila*, 948 S.W.2d at 850)), *and* NPC's Reply Br. Supp. Mot. Dismiss at 7-8 (Dkt. No. 20) (same, noting plaintiff's concession that the other beneficiaries elected not to participate).[3]

## CONCLUSION

For the foregoing reasons, NPC respectfully requests leave to file a Notice of Supplemental Authority in Support of its Motion to Dismiss (Dkt. Nos. 13, 14), which is attached as Exhibit A.

Dated: October 22, 2026

Respectfully Submitted,

*/s/ Earl Austin*

Earl Austin
Texas State Bar No. 01437300
Baker Botts L.L.P.
2001 Ross Avenue Suite 900
Dallas, TX 75201
(214) 953-6542
Earl.austin@bakerbotts.com

*/s/ Kathryn S. Jensen, Esq.*

Kathryn S. Jensen (admitted *pro hac vice*)
D.C. Bar No. 494598
Hollingsworth LLP
1350 I Street, N.W.
Washington, DC 20005

[3] Plaintiff's arguments that NPC did not raise this provision of the Texas Wrongful Death Act, Not. Opp. at 2 (Dkt. No. 27), and introduces "an unbriefed standing argument," *id.* at 3, is therefore without merit.

(202) 898-5800
kjensen@hollingsworthllp.com

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

**CERTIFICATE OF CONFERENCE**

I certify that on the 21st day of October 2026, attorney Gary Feldon from Hollingsworth LLP conferred with plaintiff pursuant to Local Rule 7.1(a)-(b). Plaintiff opposed this motion because, as she stated in her anticipatory opposition, the Massachusetts court "erroneous[ly]" interpreted Texas law and NPC's Motion to Dismiss "did not raise . . . the specific provision of Texas law upon which that decision was based." Email from Gallit Fischman to Gary Feldon (Oct. 21, 2026). *But see* NPC's Br. Supp. Mot. Dismiss at 14 n.12 (Dkt. No. 14); NPC's Reply Br. Supp. Mot. Dismiss at 7-8 (Dkt. No. 20) (raising the same arguments under the Texas Wrongful Death Act as those decided in the October 15, 2026 *Fischman v. BCH* Order).

*/s/ Earl Austin*
Earl Austin
Texas State Bar No. 01437300
Baker Botts L.L.P.
2001 Ross Avenue Suite 900
Dallas, TX 75201
(214) 953-6542
Earl.austin@bakerbotts.com

*/s/ Kathryn S. Jensen, Esq.*
Kathryn S. Jensen (admitted *pro hac vice*)
D.C. Bar No. 494598
Hollingsworth LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
kjensen@hollingsworthllp.com

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of October 2026, a copy of the foregoing document was served via e-file and a courtesy copy via email to the plaintiff.

*/s/ Earl Austin*
Earl Austin
Texas State Bar No. 01437300
Baker Botts L.L.P.
2001 Ross Avenue Suite 900
Dallas, TX 75201
(214) 953-6542
Earl.austin@bakerbotts.com

*/s/ Kathryn S. Jensen, Esq.*
Kathryn S. Jensen (admitted *pro hac vice*)
D.C. Bar No. 494598
HollingsworthLLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
kjensen@hollingsworthllp.com

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*