IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | CIVIL ACTION NO. 3:26-cv-01882 |
| Plaintiff, | § | District Judge Ed Kinkeade |
| v. | § | Magistrate Judge Rebecca Rutherford |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Gallit Fischman, proceeding pro se, opposes Defendant Novartis Pharmaceuticals Corporation's Motion for Leave to File Notice of Supplemental Authority (ECF No. 28). Defendant has not established that the Massachusetts decision provides materially relevant authority warranting supplementation of its pending Motion to Dismiss. Instead, Defendant mischaracterizes the relationship between the two proceedings, conflates distinct legal issues, and fails to demonstrate how the Massachusetts ruling would materially assist this Court in resolving the pending motion.

**I. The Massachusetts Dismissal Was Entered Without Prejudice**

The October 15, 2026 dismissal in Fischman v. Boston Children's Hospital, No. 1:26-cv-11504-WGY (D. Mass.), was entered without prejudice. The Massachusetts court's decision did not adjudicate the merits of Plaintiff's underlying wrongful-death allegations against Novartis Pharmaceuticals Corporation.

Defendant acknowledges that the dismissal was without prejudice but fails to explain how that disposition establishes a defect requiring dismissal of Plaintiff's separate action against Novartis. The Massachusetts ruling does not itself determine the sufficiency of the pleadings in this proceeding.

**II. Defendant Incorrectly Characterizes the Massachusetts Decision as Addressing the Identical Issue Presented Here**

Defendant asserts that the Massachusetts decision addresses "the very same issue raised as one of the grounds for dismissal" in its pending motion. ECF No. 28 at 3. In support, Defendant relies on footnote 12 on page 14 of its original brief and pages 7–8 of its reply.

The existence of a reference to Section 71.004(b) in Defendant's earlier briefing does not establish that the Massachusetts court adjudicated an identical issue under identical circumstances. Defendant treats its prior citation to the Texas Wrongful Death Act as sufficient to establish substantive equivalence between two separate proceedings involving different defendants and allegations.

Defendant's characterization fails to establish why the Massachusetts court's reasoning should govern the disposition of this action. A citation to the same statutory provision does not eliminate the need to examine the particular claims, pleadings, and legal questions presented in each proceeding.

Moreover, Defendant's assertion in footnote 3 that Plaintiff's position is "without merit" does not establish that the precise legal question decided by the Massachusetts court was fully presented and addressed in Defendant's original motion. The Court must examine the actual arguments and authorities rather than accept Defendant's characterization of them.

**III. The Massachusetts Decision Is Not Binding on This Court**

The Massachusetts ruling is a decision of another federal district court interpreting Texas law. It is not binding precedent on the United States District Court for the Northern District of Texas.

The Massachusetts court's interpretation does not displace the governing Texas statute or controlling Texas judicial authority. Defendant cannot transform a nonbinding decision into controlling authority merely by characterizing the two proceedings as substantially identical.

Accordingly, the Massachusetts ruling must be evaluated for its actual persuasive value rather than treated as an authoritative determination of Plaintiff's rights under Texas law.

**IV. Defendant Improperly Conflates Statutory Standing with the Pleading Requirements of the Texas Wrongful Death Act**

Defendant repeatedly characterizes the Massachusetts ruling as addressing Plaintiff's "lack of standing." ECF No. 28 at 1–2. Yet Defendant simultaneously describes the decision as resting on the complaint's alleged failure to plead for the benefit of all statutory beneficiaries under Section 71.004(b).

These descriptions raise distinct legal questions. Whether Plaintiff qualifies as a statutory wrongful-death beneficiary and whether a particular pleading satisfies the requirements governing the prosecution of a wrongful-death action are not interchangeable inquiries.

Section 71.004(a) of the Texas Civil Practice and Remedies Code expressly identifies the surviving children of a deceased person among those authorized to bring a wrongful-death action. Section 71.004(b) separately addresses the beneficiaries for whose benefit such an action is brought.

Defendant's motion does not adequately distinguish these provisions or explain why the Massachusetts court's treatment of the statutory pleading requirement necessarily establishes Plaintiff's lack of standing in this separate action.

**V. Defendant's Criticism of Plaintiff's Notice of Opposition Contradicts the Standard Defendant Invokes**

Defendant relies on *Silvas v. Equifax Information Services, LLC*, No. 3:19-CV-2932-K, 2020 WL 4000848, at *2 (N.D. Tex. July 15, 2020), for the proposition that a party seeking leave to submit supplemental authority must establish both that the information was previously unavailable and that it is relevant to the Court's analysis.

Nevertheless, Defendant criticizes Plaintiff for addressing the substance of the Massachusetts ruling. In footnote 2, Defendant characterizes Plaintiff's Notice of Opposition as procedurally improper for addressing the merits of that decision rather than the standard for supplemental authority.

That criticism is inconsistent with Defendant's own stated standard. Determining whether a judicial decision is relevant necessarily requires examining its reasoning, legal foundation, and relationship to the issues before the Court.

Plaintiff's challenge to the Massachusetts decision's relevance directly addresses the second requirement identified in Defendant's motion. Defendant cannot establish relevance merely by asserting it while simultaneously characterizing Plaintiff's substantive challenge to that relevance as improper.

**VI. Defendant Fails to Establish That the Massachusetts Decision Materially Advances Resolution of This Action**

Defendant relies on *Silvas v. Equifax Information Services, LLC*, No. 3:19-CV-2932-K, 2020 WL 4000848, at *2 (N.D. Tex. July 15, 2020) (Kinkeade, J.), in which this Court permitted supplemental decisions addressing the substantive legal merits of closely related claims under the Fair Credit Reporting Act. Those decisions examined whether the alleged conduct constituted legally actionable violations, rather than a threshold statutory-beneficiary issue.

In *Silvas*, this Court considered the similarity of the legal issues and underlying circumstances when determining whether supplemental authority would assist its analysis. In Massachusetts, Plaintiff pleaded her individual status as a wrongful-death beneficiary without addressing the other beneficiaries' intentions or participation. In this action, Plaintiff expressly alleged that those beneficiaries were aware of the lawsuit, would not join, and that their nonparticipation neither impaired her individual claim nor exposed Defendant to inconsistent obligations. These allegations were not before the Massachusetts court. Defendant therefore has not established that the proposed authority addresses the statutory-beneficiary pleading allegations presented here or supports the same pleading-stage determination. Accordingly, Plaintiff respectfully requests that Defendant's motion for leave to file supplemental authority be denied.

**VII. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant Novartis Pharmaceuticals Corporation’s Motion for Leave to File Notice of Supplemental Authority (ECF No. 28).

In the alternative, should the Court grant Defendant’s motion, Plaintiff respectfully requests corresponding leave to submit the June 8, 2026 Memorandum Opinion and Order issued by United States District Judge Sidney A. Fitzwater in *Fischman v. Epic Systems Corporation*, No.

3:26-cv-00770-D (N.D. Tex.), which permitted Plaintiff's wrongful-death claim to proceed with Plaintiff acting individually as the sole plaintiff, without the other statutory beneficiaries participating as parties to the action.

Judge Fitzwater's decision, issued in the Northern District of Texas and involving Plaintiff's individual wrongful-death claim arising from the same underlying events, provides directly relevant persuasive authority under Texas law and should be considered alongside the nonbinding Massachusetts ruling.

Plaintiff further requests all other relief to which she is entitled.

Respectfully submitted,

Date: October 22, 2026

/s/ Gallit Fischman

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se