IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § § | CIVIL ACTION NO. 3:26-cv-01882 |
| | § | |
| Plaintiff, | § | District Judge Ed Kinkeade |
| | § | |
| v. | § | Magistrate Judge Rebecca Rutherford |
| | § | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR EXPEDITED WITHDRAWAL OR MODIFICATION OF ORDER OF REFERRAL**

Plaintiff Gallit Fischman, proceeding pro se, requests expedited withdrawal or modification of the order of referral to restore this case to its procedural track toward trial.

## I. BASIS FOR EXPEDITED RELIEF

Defendant's October 22, 2026, Motion for Leave to File Notice of Supplemental Authority concerning Plaintiff's case against Boston Children's Hospital prompted this motion. That case concerns the TEAMMATE pediatric heart transplant trial, which relies on Novartis's narrative about everolimus despite the company's lack of direct involvement.

Although TEAMMATE failed to demonstrate superiority on its primary composite endpoint, its investigators seek the first FDA-approved immunosuppressive regimen for pediatric heart transplantation. Plaintiff believes this could open the door to adult approval. Expanding the use of a drug with a black-box warning for increased mortality in heart transplantation to vulnerable

pediatric patients demands immediate scrutiny, particularly when Plaintiff alleges that its claimed clinical benefits have been misrepresented.

## II. NOVARTIS'S MISREPRESENTATION OF EVEROLIMUS

Plaintiff alleges that Novartis promoted everolimus as safer than established, FDA-approved transplant medications, including cyclosporine and tacrolimus. Novartis turned three major side effects of these medications into purported benefits of everolimus. Plaintiff contends that everolimus provides no independent benefit and that all of its purported advantages result from reducing the doses of the established drugs.

Plaintiff believes that everolimus poses a far greater danger due to its dual use as a cancer drug. Unlike established transplant medications that target specific processes responsible for organ rejection, Plaintiff contends that everolimus weakens the body's overall ability to fight disease, leaving patients vulnerable to serious infections and cancer.

## III. PRIOR MISCONDUCT AND THE NEED FOR PUBLIC SCRUTINY

Novartis has previously faced federal False Claims Act enforcement involving unlawful off-label pharmaceutical promotion. Plaintiff was advised that the government was reducing its enforcement priority for such conduct.

With diminished federal enforcement, Plaintiff believes judicial scrutiny of these allegations is particularly important. Discovery is necessary to determine whether Novartis knowingly misrepresented the drug's benefits and risks.

## IV. PROCEDURAL DELAY AND ORDER OF REFERRAL

Defendant filed its Motion to Dismiss on June 29, 2026. Plaintiff completed briefing with her authorized sur-reply on August 14, 2026. The parties held their Rule 26(f) conference on September 30, 2026, but no scheduling order or discovery timetable has followed.

Plaintiff recognizes the Court's authority under 28 U.S.C. § 636(b) to refer pretrial matters to a magistrate judge. She does not challenge that authority but seeks direct oversight by the presiding district judge to prevent further delay and move this action toward trial.

The urgency is heightened by the effort to obtain FDA approval of everolimus for pediatric heart transplantation. Plaintiff contends that the approval effort relies on Novartis's false narrative about the drug's benefits and risks. The evidence sought in this litigation must be brought to light so that this information can be considered during the regulatory approval process, rather than allowing that process to proceed without scrutiny of the alleged misrepresentation.

**V. REQUEST FOR EXPEDITED RELIEF**

Plaintiff respectfully requests expedited withdrawal of the order of referral so that the presiding district judge may directly oversee resolution of the pending Motion to Dismiss and establishment of a discovery schedule. Alternatively, Plaintiff requests modification of the referral to provide direct district court oversight of these matters.

Expedited relief is warranted under Rule 1 of the Federal Rules of Civil Procedure to prevent further procedural delay and ensure that the serious allegations presented in this wrongful death action receive timely judicial consideration and proceed toward resolution on the merits.

Respectfully submitted,

Date: October 26, 2026

/s/ Gallit Fischman

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

## CERTIFICATE OF CONFERENCE

Plaintiff contacted Defendant's counsel via email on October 26, 2026, regarding this motion. Counsel confirmed that Defendant maintains its position stated in ECF No. 21, in which Defendant expressly took no position on the requested relief and deferred to the Court's procedures.

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se