IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | CIVIL ACTION NO. 3:26-cv-01882 |
| | § | |
| Plaintiff, | § | District Judge Ed Kinkeade |
| | § | |
| v. | § | Magistrate Judge Rebecca Rutherford |
| | § | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S NOTICE OF NON-WAIVER AND STATEMENT FOR THE RECORD REGARDING THE OCTOBER 27, 2026 ORDER**

Plaintiff Gallit Fischman, proceeding pro se, submits this Notice to clarify her position concerning the Court's October 27, 2026 Order (ECF No. 31) and the grounds raised in her prior filings.

The Court's Order addressed Plaintiff's consent to the referral and whether she would receive adequate judicial review. Plaintiff did not challenge the Court's authority to refer the case or the Magistrate Judge's qualifications. Section III(B) of Plaintiff's August 7 Motion expressly states that she "does not challenge the legality of that referral system or the authority of the Magistrate Judge." Section IV of her October 26 Motion confirms that position. Although Plaintiff referenced the consent requirements under 28 U.S.C. § 636(c), she did not contend that her consent was required for a referral under § 636(b). Nor did she question the quality of judicial review. She requested that the District Judge consider and decide the Motion to Dismiss directly, without first requiring a report and recommendation from the Magistrate Judge.

Plaintiff's filings requested that the District Judge exercise the discretion expressly preserved under Special Order No. 3-251 to withdraw or modify the automatic referral. Plaintiff recognized that the case had been automatically referred but sought an exercise of that discretion to keep the case on the procedural track established by the District Judge's published case-management procedures. Those procedures provide for an order requiring a joint status report, followed by a scheduling order establishing deadlines, and state that motions are not routinely referred to magistrate judges.

Plaintiff's intention from the outset was to prevent unnecessary procedural delay and move the case toward trial. She did not expressly raise concerns about delay in her August 7 Motion, as briefing on the Motion to Dismiss was still ongoing and she considered it premature to do so. After briefing concluded on August 14, 2026, her subsequent filings made that intention clear. Plaintiff sought direct district court oversight to resolve the pending Motion to Dismiss and initiate the joint status report and scheduling process, which have still not occurred.

As Plaintiff submitted these filings pro se, they were entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (a document filed pro se is "to be liberally construed," and a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). Consistent with the principle that a court should determine the true nature of a filing by its substance rather than its label, *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005), Plaintiff's filings identified the actual relief requested, acknowledged the Court's referral authority, and explained the procedural circumstances warranting the District Judge's exercise of discretion.

The October 27 Order, however, interpreted Plaintiff's filings in a restrictive manner, attributed positions to her that she had not advanced, and did not address the specific grounds

supporting the discretionary relief she requested. Plaintiff respectfully submits that the Order's characterization was inconsistent with the substance of her filings and the liberal-construction standard applicable to pro se filings.

Plaintiff is concerned that an inaccurate characterization of her filings, if left uncorrected, could affect the consideration of future submissions and the preservation of her procedural rights. Therefore, Plaintiff submits this Notice to correct the record, as the absence of a response to the October 27 Order could be construed as acquiescence in the Court's characterization of her filings.

Respectfully submitted,

Date: November 1, 2026

/s/ Gallit Fischman

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se