IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | NO. 3:26-cv-01882-K-BT |
| Plaintiff, | § | District Judge Ed Kinkeade |
| v. | § | Magistrate Judge Rebecca Rutherford |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § | |
| Defendant. | § | |

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Plaintiff used generative artificial intelligence in preparing this brief.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(d) AND BRIEF IN SUPPORT**

---

Plaintiff Gallit Fischman, proceeding pro se, respectfully moves for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). The proposed supplementation concerns developments occurring after the filing of Plaintiff's original complaint on June 5, 2026, relevant to her individual capacity to pursue wrongful death claims under Texas law.

## I. BASIS FOR SUPPLEMENTATION

Since Plaintiff filed her original complaint on June 5, 2026, subsequent developments have arisen concerning her capacity to pursue wrongful death claims, including judicial rulings and declarations from the other surviving statutory beneficiaries.

Following the conclusion of briefing on Defendant's motion to dismiss, Defendant moved for leave to submit supplemental authority relying on the Boston Children's Hospital dismissal to challenge Plaintiff's capacity. Although that motion remains pending, the introduction of additional arguments raises procedural fairness concerns and potential prejudice, warranting an opportunity for Plaintiff to supplement her complaint before the Court rules.

Plaintiff firmly maintains that she has both standing and capacity to pursue this action individually as her father's surviving daughter and a statutory wrongful death beneficiary under Texas law. She seeks supplementation out of an abundance of caution, supported by Judge Fitzwater's June 8, 2026 ruling permitting her individual wrongful death claims against Epic to proceed and the other beneficiaries' declarations confirming their voluntary nonparticipation and decision not to seek damages.

Plaintiff now seeks leave to supplement her original complaint for the first time under Rule 15(d), consistent with the principles recognized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), favoring resolution of claims on their merits.

## II. THE OTHER SURVIVING BENEFICIARIES HAVE EXPRESSLY DECLINED TO PARTICIPATE

Following the filing of this action, the other surviving statutory beneficiaries, Ilana Fischman, the decedent's surviving spouse, and Marc Fischman, his son, executed declarations voluntarily declining to participate as plaintiffs or seek individual damages in wrongful death proceedings arising from Dov Fischman's death. Their declarations are attached as Exhibits B and C, respectively.

The declarations confirm that Plaintiff proceeds solely in her individual capacity, is the only statutory beneficiary actively pursuing damages in this action, and is not authorized to represent the other beneficiaries. Their voluntary nonparticipation does not release Novartis from liability or diminish Plaintiff's individual wrongful death claims.

## III. PLAINTIFF'S INDIVIDUAL WRONGFUL DEATH CLAIM IS NOT DEFEATED BY THE OTHER BENEFICIARIES' NONPARTICIPATION

Texas Civil Practice and Remedies Code § 71.004(a) identifies surviving spouses, children, and parents as statutory wrongful death beneficiaries. Section 71.004(b) expressly permits "one or more of those individuals" to bring an action "for the benefit of all." As Dov Fischman's surviving daughter, Plaintiff is a statutory beneficiary authorized to seek wrongful death relief. The statute does not require every beneficiary to actively participate as a named plaintiff.

Plaintiff has identified the other statutory beneficiaries, Ilana Fischman and Marc Fischman, who have executed declarations voluntarily declining to participate or seek damages in these proceedings. See Exs. B and C. Plaintiff seeks recovery solely for her own injuries and losses, without asserting the other beneficiaries' personal damages, representing her father's estate, or pursuing a survival claim.

In *Trostle v. Trostle*, 77 S.W.3d 908, 913–14 (Tex. App.—Amarillo 2002, no pet.), the court recognized that the statutory provisions concerning inclusion of beneficiaries primarily protect defendants against multiple lawsuits, a protection defendants may waive. The court further recognized that each beneficiary may recover only individually sustained damages and that omitted beneficiaries have been permitted to pursue their own claims. Accordingly, the existence or nonparticipation of other beneficiaries does not, by itself, defeat Plaintiff's individual claim.

Nor does the absence of an estate representative bar Plaintiff's claim. Section 71.004(c) addresses an executor's or administrator's responsibility when no beneficiary commences an action within three calendar months after death. In *Trostle*, the court permitted beneficiaries to proceed after that period where no executrix had been appointed when suit was filed. Similarly, *Adkison v. Polaris Industries Inc.*, No. 3:18-cv-02014-M, ECF No. 109, at 9–10 (N.D. Tex. Jan. 13, 2020), relying on *Morin v. Ford Motor Co.*, No. 3:07-cv-01700-L, 2009 WL 2486027, at *7 (N.D. Tex. Aug. 12, 2009), concluded that § 71.004(c) did not bar the beneficiaries' wrongful death claims where no estate administrator had been appointed.

Dov Fischman died intestate, and no executor or administrator had been appointed when Plaintiff commenced this action. Plaintiff therefore maintains that estate administration is not a prerequisite to her individual wrongful death claim under these circumstances.

The other beneficiaries' voluntary nonparticipation should not deprive Plaintiff of her statutory right to seek recovery for her own loss or relieve Novartis of potential liability. Plaintiff respectfully requests that her individual wrongful death claim proceed. Alternatively, should the Court identify a specific concern regarding joinder or successive litigation, Plaintiff requests an opportunity to address that procedural issue rather than dismissal.

## IV. THE BOSTON CHILDREN'S HOSPITAL DISMISSAL DOES NOT DETERMINE PLAINTIFF'S CAPACITY IN THIS ACTION

On October 15, 2026, the United States District Court for the District of Massachusetts dismissed without prejudice Plaintiff's wrongful death claim against Boston Children's Hospital for failure to plead that the action was brought for the benefit of all statutory beneficiaries under the Texas Wrongful Death Act. This dismissal occurred after Plaintiff filed her original complaint against Novartis.

Plaintiff maintains that the Massachusetts court's approach reflected a greater emphasis on estate representation, consistent with Massachusetts wrongful death law, rather than adequately recognizing Plaintiff's individual rights under the Texas Wrongful Death Act. Unlike Massachusetts law, Texas law expressly authorizes one or more statutory beneficiaries to bring a wrongful death action without requiring appointment of an estate representative.

## V. JUDGE FITZWATER'S JUNE 8, 2026 ORDER EXPRESSLY ADDRESSED PLAINTIFF'S INDIVIDUAL CAPACITY

On June 8, 2026, United States District Judge Sidney A. Fitzwater entered a Memorandum Opinion and Order in *Fischman v. Epic Systems Corporation*, No. 3:26-cv-00770-D, ECF No. 23, addressing Epic's objection to Plaintiff's capacity to recover damages belonging to her father's estate. A copy of the order is attached as Exhibit D.

Judge Fitzwater distinguished wrongful death damages from estate damages, stating:

“The damages recoverable in a wrongful death action are those suffered by the wrongful death beneficiaries, not the decedent.”

The Court declined to dismiss Plaintiff's wrongful death claims on that basis, concluding:

“Because Fischman does not purport to seek damages other than those permitted under the Texas Wrongful Death Act, the court discerns no basis to dismiss counts two through five of the amended complaint to the extent Epic seeks to dismiss them.”

Plaintiff respectfully requests that this Court consider Judge Fitzwater's ruling in evaluating her capacity in this action.

## VI. SUPPLEMENTATION IS APPROPRIATE AND DOES NOT ALTER THE UNDERLYING CLAIMS

Federal Rule of Civil Procedure 15(d) permits supplemental pleadings addressing events occurring after the original pleading. The subsequent developments identified in this motion concern Plaintiff's individual capacity to pursue her wrongful death claims.

The proposed supplementation concerns only Plaintiff's individual capacity to pursue her wrongful death claims. It introduces no new claims or theories of liability and leaves the underlying allegations and parties unchanged. It clarifies Plaintiff's individual capacity and the voluntary nonparticipation of the other statutory beneficiaries without extinguishing their rights.

Plaintiff respectfully submits that allowing supplementation under Rule 15(d) would permit consideration of these developments in the existing action and promote resolution of her claims on their merits.

## VII. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave pursuant to Federal Rule of Civil Procedure 15(d) to file her proposed Supplemental Complaint, attached hereto as Exhibit A, without replacing or altering her original complaint, and grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

Date: November 18, 2026

/s/ ______________________

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF CONFERENCE**

Plaintiff certifies that she conferred with Defendant's counsel by email on November 16, 2026, regarding the requested relief. Defendant indicated that it would likely oppose the motion. The parties were unable to reach an agreement.

/s/ ______________________
**Gallit Fischman, Plaintiff, Pro Se**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, a true and correct copy of the foregoing instrument was served by electronic filing through the Court's CM/ECF system on all counsel of record and registered ECF users entitled to notice in this case.

/s/ ______________________

**Gallit Fischman, Plaintiff, Pro Se**